VIDAL APONTE, demandante y apelante, *v.* LA COMISIÓN DE INDEMNIZACIONES A OBREROS DE PUERTO RICO, demandada y apelada.

No. 3860.—*Visto:* Junio 3, 1926. *Resuelto:* Julio 29, 1926.

1. PATRONO Y EMPLEADO—LEYES DE INDEMNIZACIONES POR ACCIDENTES DEL TRABAJO—PROCEDIMIENTOS—PROCEDIMIENTOS DE LA COMISIÓN DE INDEMNIZACIONES A OBREROS—REVISIÓN POR LOS TRIBUNALES—DE LA SENTENCIA—EN GENERAL.—En este caso uno de los fundamentos de la sentencia fué que el demandante no había probado que su patrono estuviera acogido a la Ley de Indemnizaciones. *Se resolvió:* que habiendo aceptado la demandada en su contestación la alegación del demandante de que su patrono estaba acogido a los beneficios de dicha ley, no tenía que probarse tal hecho y dicho fundamento de la sentencia era erróneo.

2. PATRONO Y EMPLEADO—LEYES DE INDEMNIZACIONES POR ACCIDENTES DEL TRABAJO—PROCEDIMIENTOS—PROCEDIMIENTOS DE LA COMISIÓN DE INDEMNIZACIONES A OBREROS—APELACIÓN CONTRA LAS SENTENCIAS DICTADAS POR LOS TRIBUNALES—REVISIÓN—CUESTIONES DE HECHO.—Examinada la prueba en relación con la cuestión litigiosa envuelta, respecto a si como consecuencia de la herida sufrida por el demandante en una mano, quedó incapacitado de ella parcial y permanentemente, *se resolvió:* que en vista de la prueba contradictoria y de la propia observación del juez inferior, no se cometió error al estimar que el demandante tenía sus fuerzas completas, no estaba inhábil y sólo tenía una incapacidad relativa en su mano izquierda y en el dedo pulgar y que su flexión era normal.

SENTENCIA de *Angel Acosta Quintero,* J. (Ponce), declarando sin lugar la demanda, con costas. *Confirmada.*

*Arturo Ortiz Toro,* abogado del apelante; *Hon. Attorney General George C. Butte, Carlos Llauger Díaz* y *Emilio Aldrey,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El apelante Vidal Aponte solicitó indemnización de la Comisión de Indemnizaciones a Obreros por haber sufrido una lesión en el dorso de la mano izquierda con un machete mientras se ocupaba en su trabajo de desyerbar en una finca de su patrono, alegando que había quedado parcial y permanentemente incapacitado del brazo izquierdo para su trabajo, pero se le negó la indemnización que solicitó por no haber presentado prueba médica alguna que determinase tal incapacidad, y habiendo acudido a la Corte de Distrito de Ponce en demanda en apelación contra esa resolución solicitando se le concedieran $2,000 también le fué negada después de celebrado el juicio por dos motivos: porque no había probado que su patrono estuviera acogido a la ley de indemnizaciones a obreros y porque el demandante tiene sus fuerzas completas, no está inhabilitado y sólo tiene una incapacidad relativa en su mano izquierda para extender su muñeca en un 10 por ciento y el pulgar de dicha mano en un 40 por ciento pero que la flexión de la misma es normal.

[1] En la apelación que interpuso el obrero contra esa sentencia alega que el primer fundamento de ella es erróneo porque habiendo aceptado la Comisión de Indemnizaciones a Obreros en su contestación la alegación del demandante de que su patrono estaba acogido a los beneficios de dicha ley no tenía que probar tal hecho. Ese error existe y lo reconoce la apelada porque ella aceptó como cierta la mencionada alegación.

[2] Con esa aceptación y otras más la cuestión litigiosa entre las partes quedó limitada a si como consecuencia de la herida sufrida por el demandante en su mano izquierda ha quedado incapacitado de ella parcial y permanentemente. Sobre este extremo la evidencia fué contradictoria pues mientras dos médicos presentados por el demandante declararon en el juicio que él está inútil parcial y permanentemente de su mano izquierda porque si bien puede cerrar el puño perfectamente porque sus tendones flexores están normales,

los extensores del pulgar y del segundo dedo medio están
cortados por lo que no puede hacer tanta fuerza como an-
tes, diciendo uno de ellos que el tendón flexor del pulgar
no funciona y que no puede levantarlo porque el tendón
flexor está cortado. Un testigo declaró que el demandante
trabajaba actualmente en desyerbar con el machete pero que
no gana tanto como los demás trabajadores porque no puede
hacer tanto trabajo como los otros. Por su parte uno de
los dos médicos presentados por la demandada declaró que
el demandante puede cerrar el puño porque sus flexores es-
tán completos y únicamente pretende presentar una falta
no completa sino parcial de flexión del dedo grande; que
agarra con la mano y que no ha quedado inhábil para el
trabajo porque tiene función en la muñeca, en la mano,
puede cerrar el puño y puede utilizar cualquier implemento
del trabajo, pudiendo afirmar que puede hacerlo y que si el
demandante hubiera tenido cortado algún tendón se lo hu-
biera manifestado a la Comisión de Indemnizaciones a Obre-
ros cuando lo curó. El otro médico de la defensa manifestó
que el demandante tiene una incapacidad permanente para
extender la muñeca en un 10 por ciento y en el pulgar una
incapacidad de un 40 por ciento y que no sabe si la incapa-
cidad del pulgar es debida a la herida de la muñeca o a otra
que tiene en el mismo pulgar, que el tendón ha podido ser
cortado por una u otra herida y que la flexión de la mano
y de la muñeca las considera completas, que puede cerrar
el puño y puede flexionar su muñeca normalmente. Du-
rante el juicio el juez de la corte manifestó que ha obser-
vado que el demandante tiene el movimiento de la muñeca,
de flexión y de extensión como el que él hace y le hizo mo-
ver la mano y los dedos uno a uno, diciéndole que movía el
dedo medio perfectamente y que cerraba todos sus cuatro
dedos al palmar y el pulgar encima de ellos. Y en otra oca-
sión dispuso el juez que se hiciera constar que el deman-
dante tiene dos cicatrices, una sobre la muñeca y otra so-
bre el dorso del pulgar.

En vista de esa prueba contradictoria, y de la propia observación del juez de la corte sentenciadora no podemos decidir que cometiera un error manifiesto al estimar que el demandante tiene sus fuerzas completas, no está inhábil y sólo tiene una incapacidad relativa en su mano izquierda para extender la muñeca y en el dedo pulgar y que su flexión es normal.

*La sentencia apelada debe ser confirmada.*